## THE PEOPLE *v.* ASENCIO.

### APPEAL from the District Court of Mayagüez.

No. 9.—Decided June 7, 1906.

BURGLARY—JURISDICTION—MUNICIPAL COURTS.—The criminal complaint filed in this case charged the defendant with having entered a house in the morning and broke a padlock on a box therein, from which he took $20 and a saddle, which he carried away with him. *Held:* That these facts constitute the crime of burglary in the second degree; that the municipal court is without jurisdiction to take cognizance of the crime, and that the fact that the court convicted the defendant of petit larceny, of which crime it had jurisdiction, does not give it jurisdiction of the case at bar, and that section 286 is not of the Code of Criminal Procedure is not applicable.

The facts are stated in the opinion.

*Mr. Rossy, fiscal,* for respondent.

The appellant did not appear.

MR. JUSTICE HERNÁNDEZ delivered the opinion of the court.

On October 15th of last year Privates José Segarra and Juan de J. Alvares, of the Insular Police, filed a complaint in the Municipal Court of Cabo Rojo, charging that on the morning of the 8th of said month Rafael Asencio Lamoya had entered the house where Juan Saturnino Colón lived, in the *barrio* of Llanos Tuna, of said town, and, after breaking off the padlock, which fastened a box there, removed $20 therefrom, which he took away with him, together with a saddle.

The proper trial having been held in the Municipal Court of Cabo Rojo, Rafael Asencio was sentenced on the 16th of November following to pay a fine of $40 and the costs, and in

default to be imprisoned for eighty days, for the crime of petit larceny; from which judgment he appealed to the District Court of Mayagüez, which rendered the following judgment on January 10th last:

"This cause was called for trial this 10th day of January, 1906, in its regular order. The People of Porto Rico appeared through *Fiscal* Libertad Torres Grau, the defendant being absent. The court, after having heard the evidence and the allegations of the representative of The People of Porto Rico, holds that there are sufficient grounds to find the defendant guilty; and consequently sentences him to three months in jail and to pay the costs, and orders that a writ issue to the marshal for the execution of this judgment."

From this judgment the defendant took an appeal to this Supreme Court, which appeal has been opposed by the *fiscal,* while the appellant failed to appear for the purpose of sustaining the same; and, consequently, no error is alleged to have been committed.

As this Supreme Court, according to the Act approved May 30, 1904, may take cognizance of fundamental errors appearing in the record although not excepted to, and render such judgment thereon as the law and the facts may require, we have carefully examined the record and have found that the Municipal Court of Cabo Rojo did not have jurisdiction to take cognizance of the crime charged, because said act constitutes the crime of burglary in the second degree provided for in sections 408 and 409 of the Penal Code, and punished under section 410 by imprisonment in the penitentiary for a maximum term of five years, being therefore classified as a felony in accordance with section 14 of said Code.

According to section 4 of the Act approved March 10, 1904, reorganizing the judiciary of Porto Rico, the municipal judges created thereby, with the exceptions provided therein which are not applicable to this case, shall fulfill all the duties which at that time were performed by justices of the peace

and municipal judges, and shall have jurisdiction in all criminal cases except felonies; and in all cases of felony the municipal judge may act as a committing magistrate, and he may fix bail under the law in force.

As will be noted, the municipal judge of Cabo Rojo did not have jurisdiction to take cognizance of the crime charged because it was a felony, and he should have confined himself to discharging the duties of a committing magistrate and to fixing bail, forwarding the record of the proceedings had to the District Court of Mayagüez in order that Rafael Asencio might there answer to the charge brought against him.

The Municipal Court of Cabo Rojo did not proceed in this way, but, on the contrary, tried Rafael Asencio without having jurisdiction so to do, and although it convicted him of the petit larceny only, which was within its jurisdiction, this lack of jurisdiction was not cured thereby, as it was fundamental and revealed by the terms in which the charge was drawn, such action not being warranted by section 286 of the Code of Criminal Procedure, which refers to a different case.

If the Municipal Court of Cabo Rojo lacked jurisdiction to take cognizance of the charge brought against Rafael Asencio the judgment rendered was void, and the judgment rendered by the District Court of Mayagüez is likewise void, because original jurisdiction is different from that derived from an appeal, which was that exercised by the Mayagüez court when it rendered its judgment.

For the reasons stated, we are of opinion that the judgment appealed from should be reversed and annulled, with the costs against The People, and that this decision be communicated to the District Court of Mayagüez for the proper purposes in law.

*Reversed.*

Chief Justice Quiñones, and Justices Figueras, MacLeary and Wolf concurred.